IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TRAVIS NORDWALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 20-2528-JWL-GEB |
| | ) |
| BRIGHTLINK COMMUNICATIONS, LLC, | ) |
| | ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Leave to Amend Answer to Add Counterclaim ("Motion to Amend") **(ECF No. 29)**. After careful consideration of the parties' briefing, including the motion with proposed First Amended Answer and Affirmative Defenses and Counterclaims ("First Amended Answer"); Plaintiff's Memorandum in Opposition (ECF No. 34), and Defendant's Reply in Support (ECF No. 35), the Court **GRANTS** Defendant's motion for the reasons set forth below.

### I.     Background[1]

This lawsuit stems from a dispute over unpaid compensation, including incentive bonuses, in relation to Plaintiff's employment with Defendant. The First Amended

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Amended Complaint (ECF No. 18); the Answer to Amended Complaint (ECF No. 24); Scheduling Order (ECF No. 15); Amended Scheduling Order (ECF No. 27); and the Motion to Amend with Proposed First Amended Complaint (ECF No. 29; ECF No. 29-1, Ex. 1.) This background information should not be construed as judicial findings or factual determinations.

1

Complaint alleges violations of the Kansas Wage Payments Act ("KWPA"), breach of contract, specific performance, unjust enrichment, and negligence per se. Defendant denies all claims, including any violations of the KWPA, asserting there was no agreement to pay the incentive bonuses as alleged nor entitlement to the benefits claimed.

A Scheduling Order was entered on March 2, 2021 which set a deadline of April 13, 2021 to file any motions to amend. The Scheduling Order was amended on April 20, 2021 to add a trial setting. The deadline for any motions to amend was extended to April 27, 2021. The current Motion to Amend, seeking to add a counterclaim to recover savings not realized under long term supply contracts entered into on Plaintiff's recommendations, was filed April 27, 2021. Defendant seeks to amend its answer to add a counterclaim with claims based on breach of duty of loyalty, fraud, and negligence.

## II. Defendant's Motion for Leave to Amend Answer to Add Counterclaim (ECF No. 29)

### A. Parties' Arguments

#### 1. Defendant's Position

Defendant contends since Plaintiff was terminated in July 2020 it has had to incur hundreds of thousands of dollars to decommission services from long term supplier contracts Plaintiff entered into on its behalf. And, it did not know the full extent of the financial liability from the contracts until one of the suppliers sent a final summary of Defendant's obligations on April 22, 2021. Defendant asserts it filed the current motion on or before the deadline for motions for leave to amend in the current Scheduling Order.

### 2.     Plaintiff's Position

Plaintiff argues although Defendant brought the current motion by the deadline in the Scheduling Order, it should still be considered untimely because Defendant knew the facts upon which the proposed amendment is brought, but failed to include a counterclaim in its original Answer. Plaintiff also argues the amendment would cause undue prejudice and Defendant's motion is brought in bad faith and for dilatory purposes to retaliate against Plaintiff for filing suit.

## B.     Legal Standard

### 1.     Fed. R. Civ. P. 15 – Factors for Amendment

The standard to allow a party to amend his or her pleadings is well established. A party may amend its pleading as a matter of course either before the responding party answers or within 21 days after service of a responsive pleading.[2] Where the time to amend as a matter of course has passed, without the opposing party's consent a party may amend its pleading only by leave of the court.[3]

Rule 15(a)(2) requires the court to "freely give leave when justice so requires." That provision of Rule 15(a) is a "mandate…to be heeded."[4] However, the decision to allow an amendment is still within the sound discretion of the court.[5] A court considers a number of factors in deciding whether to allow an amendment, including undue delay, prejudice to

---

[2] Fed. R. Civ. P. 15(a)(1).
[3] Fed. R. Civ. P. 15(a)(2).
[4] *Boardwalk Apartments, L.C. v. State Auto Prop. and Cas. Ins. Co.,* No. 11-cv-2714-JAR, 2012 WL 3024712, at * 2 (D. Kan. July 24, 2012) (citing *Forman v. Davis,* 371 U.S. 178, 182 (1962)).
[5] *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).

the other party, bad faith or dilatory motive, and futility of amendment.[6] A court, in exercising its discretion, must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[7] The Tenth Circuit has recognized that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[8]

C. **Discussion**

1. **Undue Delay**

Plaintiff argues Defendant knew the facts on which its counterclaim is based well before he filed suit. A counterclaim could have been included in the original Answer and, as a result, the Court should deny Defendant's motion to amend. While undue delay on its own is sufficient reason to deny leave to amend, especially when the party seeking leave has no adequate explanation for the delay,[9] a motion to amend is subject to denial where a party seeking amendment knows or should have known of the facts upon which the proposed amendment is based in his original pleading, but fails to do so.[10] However, the Court finds denial on this basis is not appropriate here.

---

[6] *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).
[7] *Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).
[8] *Carefusion 213, LLC v. Pro. Disposables, Inc.,* No. 09-2616-KHV, 2010 WL 4004874, at *4 (first citing *Minter,* 451 F.3d at 1204; then quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).
[9] *Boardwalk Apartments*, at *3 (citing *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365-66 (10th Cir. 1993)).
[10] *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

Plaintiff claims he approved the three contracts at issue back in 2018 and Defendant should have known of the losses at issue in the proposed counterclaim well before it filed its original Answer on December 28, 2020.[11] However, Defendant explains: 1) it did not enter into those contract until the period of July 2019 to April 2020; 2) it did not begin to realize the amounts billed in the agreements was different from the analysis Plaintiff provided until mid-2020; 3) it did not begin the process of decommissioning the agreements until early 2021, after it filed its original Answer; and 4) less than a week before its deadline in the Scheduling Order to file a motion for leave to amend, Defendant received a final summary of its obligations related to the agreements.[12]

Plaintiff cites *Las Vegas Ice and Cold Storage Co. v. Far West Bank*[13] in support of denying leave to amend. But there plaintiff did not seek leave to amend to assert punitive damages until a year and a half after the complaint was filed, nine months after the court entered partial summary judgment, and just a few months before the case went to trial on the sole remaining issue.[14] Here, Defendant filed its motion for leave to amend six months after the Complaint was filed, before the deadline set for motions to amend ran, and before significant discovery had taken place with only Plaintiff's First Interrogatories and First Request for Production of Documents having been served.

---

[11] ECF No. 34 at 3.
[12] ECF No. 35 at 3 and ECF No. 29 at 2.
[13] 893 F.2d 1182 (10th Cir. 1990).
[14] *Id.* at 1185.

Even if Defendant knew the facts asserted in its proposed counterclaim before filing its Answer, Defendant's motion is not at the eleventh hour as Plaintiff suggests. This case is early in the discovery phase and Defendant's delay, if any, is not inordinate and does not support denial on the basis of undue delay.

### 2. Undue Prejudice

As the party opposing the amendment, Plaintiff bears the burden to demonstrate undue prejudice.[15] Under Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[16] Invariably any amendment causes some "practical prejudice," undue prejudice, however, means the amendment "would work an injustice to" Plaintiff.[17]

Plaintiff contends prejudice occurs where a party is allowed to amend its pleadings to assert untimely allegations. However, the Court above found no undue delay in Defendant's motion for leave to amend. Plaintiff also contends he is unduly prejudiced because had the counterclaim been included with the initial answer, he could have tailored his opening discovery to inquire about the issues in the proposed counterclaim, "possibly saving the parties substantial time and resources." But, Plaintiff does not identify what additional discovery would be needed were Defendant allowed to amend to add its counterclaim. Generally, the fact that additional discovery will be required by an

---

[15] *Carefusion 213*, 2010 WL 4004874, at *4 (internal citations omitted).
[16] *Id.* (citing *U.S. v. Sturdevant,* No. 07–2233–KHV, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter,* 451 F.3d at 1208; *Jones v. Wildgen,* 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004))).
[17] *Id.* (citing *Sturdevant,* 2008 WL 4198598, at *3).

amendment does not constitute undue prejudice "unless the opposing party is also denied a fair opportunity to prepare and present its case."[18] Where discovery is not closed and no depositions have been taken in the case, the Court does not find this a sufficient basis to deny amendment.

### 3. Bad Faith

"Bad faith" is defined as "dishonesty of belief, purpose or motive."[19] Plaintiff contends Defendant seeks to add the proposed counterclaim, which Plaintiff alleges is baseless, in retaliation for having filed this action. Plaintiff provides no facts in support of its allegation the counterclaim is retaliatory. Plaintiff largely cites to nonbinding authority regarding the use of a lawsuit for coercion or retaliation. None is precedent, in the District of Kansas.

Plaintiff's reliance on *Bill Johnson's Restaurants, Inc. v. N.LR.B.*[20] is misplaced. *Bill Johnson's Restaurants* did not involve a motion for leave to amend, and it is based upon interpretation of the National Labor Relations Act, not at issue here. It is factually different as well. In *Bill Johnson's Restaurant*, the basis of the plaintiffs' suit was protected

---

[18] *Pizza Mgmt., Inc. v. Pizza Hut, Inc.*, No. 86-1664-SAC, 1989 WL 115982, at *3 (D. Kan. Sept. 21, 1989) (citing *Cuffy v. Getty Refining & Marketing Co.* 348F.Supp. 802, 806 (D. Del. 1986)). See also *Bowers v. Multimedia Cablevision, Inc.*, No. 96-1298-FGT, 1997 WL 557305 (D. Kan. Aug. 11, 1997) (finding even if additional discovery was required, the amendment should be allowed); *RMD, LLC v. Nitto Americas, Inc.,* No. 09-2056-JAR, 2009 WL 10689046, at *3 (D. Kan. Nov. 17, 2009) (finding need for additional discovery typically is not sufficient to demonstrate prejudice, particularly where there is adequate time to conduct the additional discovery.)
[19] "Bad Faith," Black's Law Dictionary (11th ed. 2019).
[20] 461 U.S. 731 (1983).

activity, i.e. the defendants' picketing and distribution of leaflets at the restaurant after restaurant staff filed claims with the NLRB. Here the proposed counterclaim is based on the collection of monies for lost savings related to three long term supplier contracts recommended by Plaintiff. Additionally, in *Bill Johnson's Restaurant* there was evidence of retaliation, i.e. testimony regarding threats to "get even with" and "hurt" the defendants.[21] No allegations of that nature exist here.

Asserting a counterclaim against after an employee has brought suit for unpaid wages and benefits, in and of itself, is not evidence of bad faith.[22] Plaintiff alleges no facts in support of its allegation that the motive or purpose behind Defendant seeking to amend to add a counterclaim is retaliatory. After review of the briefing and the proposed counterclaim, the Court is unpersuaded that Defendant's motion to amend evidences bad faith.

## III.   Conclusion

The Court finds the Rule 15 factors weigh in favor of amendment, and in its discretion will allow the amendments in their entirety. In the interests of justice, to allow the case to proceed on its full merits,[23] Defendant is permitted to file its First Amended Answer, which shall be filed within 7 days of the entry of this Order. In addition,

---

[21] *Id.* at 736.
[22] See *Fattaey v. Kansas State University*, No. 15-9314-JAR, 2017 WL 2264359, at *7 (D. Kan. May 24, 2021).
[23] *See Hinkle*, 2012 WL 2581000, at *1 (citing *Koch*, 127 F.R.D. at 209).

Defendant, a limited liability company, shall also amend its diversity jurisdiction allegations in the proposed counterclaim to include the citizenship of its members.[24]

Following the filing of First Amended Answer, the parties are encouraged to confer to discuss any additional discovery needed, propose any amendment to the schedule, and contact the undersigned's chambers to set a telephone conference.

**IT IS THEREFORE ORDERED** Defendant's Motion for Leave to Amend Answer to Add Counterclaim (**ECF No. 29**) is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of September, 2021.

> s/ Gwynne E. Birzer
> GWYNNE E. BIRZER
> United States Magistrate Judge

---

[24] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (2015).